**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

RICKY LYNN NELSON,

          Petitioner,

v.                                                           Case Number: 06-CV-10190

RAYMOND BOOKER,

          Respondent.
                                        /

**OPINION AND ORDER (1) GRANTING IN PART AND DENYING IN PART
PETITIONER'S MOTION FOR CERTIFICATE OF APPEALABILITY
AND (2) GRANTING PETITIONER'S APPLICATION
TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Petitioner Ricky Lynn Nelson filed a *pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. On July 25, 2008, the court issued an "Opinion and Order Denying Petitioner's Petition for Writ of Habeas Corpus." (Dkt. # 31.) Now before the court are Petitioner's (1) "Motion for Certificate of Appealability," and, (2) "Application to Proceed *In Forma Pauperis* on Appeal." (Dkt. ## 34 and 35.) For the reasons stated below, the court will grant Petitioner's application and grant in part and deny in part his "Motion for Certificate of Appealability."

**I. MOTION FOR CERTIFICATE OF APPEALABILITY**

Before Petitioner may appeal the court's dispositive decision denying his petition, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b). The court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue.

28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In his habeas-corpus petition, Petitioner, who was convicted of possession with intent to deliver over 650 grams of cocaine, challenged that conviction on the following grounds: (1) trial counsel was ineffective because he failed to file a witness list, failed to request a limiting instruction regarding 404(b) evidence, and failed to request an independent laboratory test regarding the actual weight of the cocaine, (2) Petitioner was denied a fair trial because of prosecutorial misconduct – the prosecutor commented, in front of the jury, on his silence, while he was questioned at the police station, and the prosecutor improperly asked him, in front of the jury, why a certain witness was not called to testify, and (3) the trial court erred in departing upward from the sentencing guideline range and that he is entitled to retroactive application of the amended portions of Mich. Comp. Laws § 333.7403. The court denied all of these claims, and Petitioner now seeks a certificate of appealability with respect to all these claims.

First, Petitioner argued that he received ineffective assistance of trial counsel because counsel failed to file a witness list. Petitioner testified in his own defense and was the only person to testify in his case. The court held that Petitioner failed to present

2

evidence to demonstrate to the court that the state court's conclusion that counsel was not ineffective was in error. The court found that, because Petitioner's defense at trial was that the cocaine was not his at all and that the police were framing him, it was not unreasonable for trial counsel to limit his presentation to that defense rather than to expand the field and present witnesses that might have undermined that defense. Additionally, the court found that defense counsel's performance did not constitute ineffective assistance, where the record showed that defense counsel carefully cross-examined the prosecution witnesses and impeached their credibility. Because the excluded witness would have testified in a manner inconsistent with Petitioner's theory of defense, the court finds that reasonable jurists would not debate the court's rejection of this claim.

Second, the court next considered whether the failure to request a limiting instruction regarding 404(b) evidence denied Petitioner a fundamentally fair trial. *McAdoo v. Elo*, 365 F.3d 487, 494 (6th Cir. 2004), *cert. denied*, 543 U.S. 892 (2004). Petitioner contended that the trial court abused its discretion when it allowed the prosecutor to introduce evidence regarding the details of an incident that occurred in 1999, involving an encounter he had with the police. The court found that the evidence admitted was proper because Petitioner opened the door to such evidence – Petitioner voluntarily injected the issue of the 1999 incident when he testified on direct examination that he believed that his refusal to become an informant for the police motivated the police to frame him. The court finds that reasonable jurists would not find its resolution of the ineffective assistance of counsel claim regarding a limiting 404(b)

3

instruction to be debatable or wrong. Accordingly, the court will deny a certificate of appealability on that claim.

Third, Petitioner argued that trial counsel was ineffective for failing to request an independent laboratory test regarding the actual weight of the cocaine confiscated. The court, however, found that any defense centered on the possibility of challenging the quantity of the cocaine would have flown in the fact of extremely clear evidence presented by the prosecution's expert – this was not a case in which the weight was close to a statutory margin or break-point. The combined weights of the samples tested at the Michigan State Police Crime Lab were 952.7 grams before analysis and 951.9 grams after analysis. The court finds that reasonable jurists would not find its resolution to be debatable or wrong. Accordingly, the court will deny a certificate of appealability on this claim.

Fourth, in his second and third claims, Petitioner argued that the prosecutor engaged in misconduct by (1) commenting on his silence while he was being questioned at the police station about the contents of the bag after he was given his *Miranda*[1] rights and, (2) improperly asking him why he failed to call Castelew as a witness. Petitioner received *Miranda* warnings, waived his rights after hearing those warnings, and talked to the police. When he was confronted with questions regarding the contents of the shopping bag, the shoe box, and the two taped-together cellophane packages, Petitioner said that he was not going to answer the questions but did not request counsel or ask that the questioning cease. Then, at trial, the prosecutor

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

questioned him about that period of silence, wanting to know why he did not deny that he was carrying the bag and was instead silent as to its contents. The court agreed with the Michigan Court of Appeals' decision that the prosecutor did not violate Petitioner's right to due process by referring to the brief period of silence when questioned about the contents of the bag. However, despite the court's ruling and the court's adherence to its position, the court nevertheless finds that reasonable jurists could debate the court's resolution of this claim.

Although the comments were somewhat indirect, in that they sought to emphasize Petitioner's failure to protest his innocence by citing the lack of testimony to the contrary, the court recognizes that reasonable jurists could potentially find the comments by the prosecutor referring to Petitioner's silence post-*Miranda* as improper. *See Doyle v. Ohio*, 426 U.S. 619 (1976) (stating once the defendant receives *Miranda* warnings, the use of his post-arrest silence to impeach his exculpatory story given at trial is "fundamentally unfair" and violates the Due Process Clause). This court found that the prosecutor's comments were not improper because "[w]here the accused initially waives his right to remain silent and agrees to questioning, . . . no such inducement has occurred. If the accused subsequently refuses to answer further questions, the prosecution may note the refusal because it now constitutes part of an otherwise admissible conversation between the police and the accused." *United States v. Harris*, 956 F.2d 177, 181 (8th Cir.1992). Nonetheless, the court finds that reasonable jurists could debate this issue. Accordingly, the court will grant a certificate of appealability on this claim.

Petitioner also claims that the prosecutor improperly shifted the burden of proof to the defense by pointing out that he failed to present any witnesses, namely Castelew, to substantiate his testimony that he was not carrying a bag when he was apprehended by the police. "[W]here a defendant testified at trial and advances an alternative theory of the case that would exonerate him from the crime, prosecutorial comments on the validity of the theory do not shift the burden of proof to the defendant." *Traylor v. Price*, 239 F. App'x 235, 239 (6th Cir. 2007).

In analyzing this claim, the court found that the prosecutor, in talking to the jury, was careful to point out that a defendant does not bear the burden of proof but nevertheless argued to the jury that it was free to consider the quality of the testimony presented by the defense. Additionally, even if the prosecutor's strategy were open to question, any possible prejudice was cured by the trial court's instructions regarding the proper burden of proof. Therefore, the court finds that reasonable jurists could not find that its resolution of Petitioner's claim is wrong or debatable and the court will deny Petitioner a certificate of appealability on this claim.

Finally, Petitioner alleged that the trial court erred in departing upward from the sentencing guideline range and that he was entitled to the retroactive application of the amended portions of Mich. Comp. Laws § 333.7403. Again, the court agreed with the Michigan Court of Appeals' decision and found that Petitioner was not entitled to habeas review because he had no state-created interest in having the Michigan Sentencing Guidelines applied rigidly in determining his sentence; a sentence imposed within the statutory limits is generally not subject to habeas review. Furthermore, the court found that Petitioner did not have a federal constitutional right to retroactive application of

more lenient state sentencing rules. The court finds that reasonable jurists would not find its resolution of those claims to be debatable or wrong. Accordingly, the court will deny a certificate of appealability on Petitioner's sentencing claims.

## II. APPLICATION TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

Petitioner has also filed an "Application to Proceed *in Forma Pauperis* on Appeal." Federal Rule of Appellate Procedure 24(a)(1) provides that a party to a district court action who desires to appeal *in forma pauperis* must file a motion in the district court. An appeal may not be taken *in forma pauperis* if the court determines that it is not taken in good faith. 28 U.S.C. § 1915(a)(3). "[T]he standard governing the issuance of a certificate of appealability is more demanding than the standard for determining whether an appeal is in good faith." *United States v. Cahill-Masching*, 2002 WL 15701, slip op. at 3 (N.D. Ill. Jan. 4, 2002). "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 631 (7th Cir. 2000). The court concludes that an appeal in this case may be taken in good faith and will grant Petitioner's application to proceed *in forma pauperis* on appeal.

## III. CONCLUSION

IT IS ORDERED that Petitioner's "Motion for Certificate of Appealability" [Dkt. # 34] is GRANTED IN PART AND DENIED IN PART. It is GRANTED and a certificate of appealability is ISSUED as to Petitioner's prosecutorial misconduct claim–regarding the prosecutor's comments on Petitioner's silence when he was cross-examined.

The court DENIES a certificate of appealability as to all of Petitioner's other claims.

7

IT IS FURTHER ORDERED that Petitioner's "Application to Proceed *In Forma Pauperis* On Appeal"  [Dkt. # 35] is GRANTED.

                                                S/Robert H. Cleland
                                                ROBERT H. CLELAND
                                                UNITED STATES DISTRICT JUDGE

Dated:  October 28, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 28, 2008, by electronic and/or ordinary mail.

                                                S/Lisa Wagner
                                                Case Manager and Deputy Clerk
                                                (313) 234-5522